**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 22-4022

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

JEREMY HAMLIN,

Defendant - Appellant.

Appeal from the United States District Court for the Northern District of West Virginia, at Clarksburg.  Irene M. Keeley, Senior District Judge.  (1:20-cr-00048-IMK-MJA-8)

Submitted:  January 31, 2023                    Decided:  March 23, 2023

Before GREGORY, Chief Judge, RUSHING, Circuit Judge, and KEENAN, Senior Circuit Judge.

Affirmed by unpublished per curiam opinion.

**ON BRIEF:**  Charles T. Berry, Kingmont, West Virginia, for Appellant.  Zelda Elizabeth Wesley, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Clarksburg, West Virginia, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Jeremy Hamlin pled guilty, pursuant to a written plea agreement, to maintaining a drug-involved premises, in violation of 21 U.S.C. § 856(a)(2). The district court calculated Hamlin's advisory prison range under the U.S. Sentencing Guidelines Manual (2018) at 6 to 12 months' imprisonment and sentenced Hamlin to 12 months and 1 day in prison.

On appeal, Hamlin's counsel has filed a brief pursuant to *Anders v. California*, 386 U.S. 738 (1967), stating that there are no meritorious grounds for appeal, but questioning whether the district court reversibly erred in accepting Hamlin's guilty plea, whether trial counsel rendered ineffective assistance, and whether the district court erred in imposing Hamlin's prison sentence. Hamlin was informed of his right to file a pro se supplemental brief but has not done so. The Government declined to file a brief and does not seek to enforce the appeal waiver in Hamlin's plea agreement.[1] We affirm.

In federal cases, Fed. R. Crim. P. 11 "governs the duty of the trial judge before accepting a guilty plea." *Boykin v. Alabama*, 395 U.S. 238, 243 n.5 (1969). "Before accepting a guilty plea, [the district] court, through colloquy with the defendant, must ensure that the defendant understands the nature of the charges to which the plea is offered, any mandatory minimum penalty, the maximum possible penalty, and the various rights the defendant is relinquishing by pleading guilty." *United States v. Williams*, 811 F.3d 621, 622 (4th Cir. 2016) (citing Fed. R. Crim. P. 11(b)). "The court also must determine

---

[1] Because the Government fails to assert the waiver as a bar to this appeal, we may consider the issues raised by counsel and conduct an independent review of the record pursuant to *Anders*. *See United States v. Poindexter*, 492 F.3d 263, 271 (4th Cir. 2007).

2

that the plea is voluntary and that there is a factual basis for the plea." *Id.* Because Hamlin did not move in the district court to withdraw his guilty plea, we review the district court's acceptance of it for plain error. *United States v. Lockhart*, 947 F.3d 187, 191 (4th Cir. 2020) (en banc). "To succeed under plain error review, a defendant must show that: (1) an error occurred; (2) the error was plain; and (3) the error affected his substantial rights." *Id.* In the guilty plea context, a defendant meets his burden to establish that a plain error affected his substantial rights by showing a reasonable probability that he would not have pled guilty but for the district court's error. *United States v. Sanya*, 774 F.3d 812, 816 (4th Cir. 2014). We retain the discretion to correct a plain error affecting a defendant's substantial rights "only if the error seriously affects the fairness, integrity or public reputation of judicial proceedings." *Lockhart*, 947 F.3d at 191 (internal quotation marks omitted).

A magistrate judge conducted the Rule 11 colloquy in Hamlin's case, and the district court adopted the magistrate judge's recommendation to accept his guilty plea.[2] Our review of the record leads us to conclude that the magistrate judge's omissions under Rule 11 did not affect Hamlin's substantial rights. The record also reveals that the plea was supported by an independent basis in fact and that Hamlin entered the plea voluntarily and with an understanding of the consequences. We therefore discern no plain error warranting correction in the acceptance of Hamlin's guilty plea.

---

[2] The record establishes that the magistrate judge was authorized to conduct Hamlin's plea colloquy.

3

Next, *Anders* counsel questions whether trial counsel rendered ineffective assistance in not aggressively seeking a more favorable plea agreement for Hamlin and in not insisting on a plea agreement that bound the district court. This court typically will not review a claim of ineffective assistance of counsel made on direct appeal, *United States v. Maynes*, 880 F.3d 110, 113 n.1 (4th Cir. 2018), "[u]nless an attorney's ineffectiveness conclusively appears on the face of the record," *United States v. Faulls*, 821 F.3d 502, 507 (4th Cir. 2016). To demonstrate ineffective assistance of trial counsel, Hamlin must satisfy the two-part test set out in *Strickland v. Washington*, 466 U.S. 668 (1984). He "must show that counsel's performance was [constitutionally] deficient" and "that the deficient performance prejudiced the defense." *Id.* at 687. After review, we conclude that ineffective assistance by trial counsel does not conclusively appear on the face of the record. Such claims "should be raised, if at all, in a 28 U.S.C. § 2255 motion." *Faulls*, 821 F.3d at 508. We therefore decline to address these claims at this juncture.

*Anders* counsel also questions whether the district court erred in sentencing Hamlin to 12 months and 1 day in prison. "This [c]ourt reviews all sentences—whether inside, just outside, or significantly outside the Guidelines range—under a deferential abuse-of-discretion standard," *United States v. Torres-Reyes*, 952 F.3d 147, 151 (4th Cir. 2020) (cleaned up), for procedural and substantive reasonableness, *United States v. Fowler*, 948 F.3d 663, 668 (4th Cir. 2020). In evaluating procedural reasonableness, this court considers whether the district court properly calculated the defendant's Guidelines range, gave the parties an opportunity to argue for an appropriate sentence, considered the 18 U.S.C. § 3553(a) factors, and sufficiently explained the selected sentence. *Id.* When

4

rendering a sentence, the district court must make an individualized assessment based on the facts presented, state in open court the reasons supporting its chosen sentence, address the parties' nonfrivolous arguments in favor of a particular sentence and, if it rejects them, explain why in a manner allowing for meaningful appellate review. *United States v. Provance*, 944 F.3d 213, 218 (4th Cir. 2019). If there are no procedural errors, this court then considers the substantive reasonableness of the sentence, evaluating "the totality of the circumstances to determine whether the sentencing court abused its discretion in concluding that the sentence it chose satisfied the standards set forth in § 3553(a)." *United States v. Nance*, 957 F.3d 204, 212 (4th Cir. 2020) (internal quotation marks omitted).

After review of the record, we conclude that the district court did not reversibly err in calculating Hamlin's Guidelines range. The district court afforded counsel an adequate opportunity to argue for an appropriate sentence and properly heard allocution from Hamlin. After considering the arguments of counsel, Hamlin's allocution, the advisory Guidelines range, and the 18 U.S.C. § 3553(a) factors, the district court determined that a prison term of 12 months and 1 day was warranted based on the nature and circumstances of Hamlin's offense conduct, his history and characteristics, and the needs for the sentence imposed to reflect the seriousness of his offense, to promote respect for the law, to provide just punishment, to afford adequate deterrence to criminal conduct, and to protect the public. *See* 18 U.S.C. § 3553(a)(1), (2)(A)-(C). The district court's explanation was sufficient to support the imposition of this term. We also accord "due deference to the district court's decision that the § 3553(a) factors, on a whole," justified imposition of an upward variant sentence one day above the top end of the Guidelines range. *United*

5

*States v. Zuk*, 874 F.3d 398, 409 (4th Cir. 2017) (internal quotation marks omitted). We thus discern no abuse of discretion in the district court's imposition of Hamlin's prison sentence.

In accordance with *Anders*, we have reviewed the entire record in this case and have found no meritorious grounds for appeal. We therefore affirm the criminal judgment. This court requires that counsel inform Hamlin, in writing, of the right to petition the Supreme Court of the United States for further review. If Hamlin requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on Hamlin.

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*